[No. 8,065.—Department One.]

## MARY A. TANSMAN v. JAMES FARIS et al.

ADVERSE POSSESSION — PRESCRIPTION—TENANTS IN COMMON—ACTION TO QUIET TITLE—FORMER ADJUDICATION.—In an action to quiet title, in which the plaintiff relied upon adverse possession for more than the statutory period, the facts were as follows:

In 1865 Treichler conveyed the premises in controversy—at that time in the possession of one R. as his tenant—to the plaintiff's predecessor in interest, Tansman. After the conveyance R. disavowed the tenancy, and asserted that he held as tenant of F. Thereupon Tansman brought an action of ejectment against R., and recovered judgment; and immediately afterwards (to wit, in 1871) he and F. settled their conflicting claims to the property by agreeing that the former should have two thirds and the latter one third thereof; and from that time the two and their respective grantees held possession under claim of title as tenants in common until the filing of the complaint (June 17, 1878.) In the mean while, and prior to the entry of Tansman and F. under the judgment of the former, an action had been brought by the defendants against F. and R. and others to recover the premises, and in this action the Court, after finding that the parties therein were owners in common of the land, but that the plaintiffs therein had never demanded possession of the defendants, gave judgment for the said defendants F. and R.

Held: The defendants can not avail themselves in this action of the possession of F.

APPEAL from an order denying defendants' motion for a new trial in the Superior Court of the County of Sacramento. DENSON, J.

In the action of *Wilcoxson* v. *Miller, Foote et al.* (referred to in the opinion), the Court found, among other things, that plaintiffs in said action and defendant Foote were co-tenants of said tract 15, each owning an undivided one half, and that Foote, by his tenant Ranke, had been in possession of the premises since 1860, and that plaintiffs had never demanded to be let into possession thereof; and rendered judgment " that the plaintiffs, Jefferson Wilcoxson and James Faris, take nothing by their suit as against defendants L. H. Foote and H. Ranke."

*P. Dunlap* and *Freeman & Bates*, for Appellants.

The findings offered in evidence in the case of *Wilcoxson* v. *Miller et al.* establish that the defendants and Foote

were co-tenants of equal moieties. Foote is our co-tenant, and a possession by one co-tenant is the possession of all; and no person can hold adversely who recognizes the title of any of the co-tenants. (*Vaughan* v. *Bacon*, 15 Me. 457; *Farrar* v. *Eastman*, 10 id. 195; *Reading* v. *Royston*, 2 Salk. 423; *Bernecker* v. *Miller*, 40 Mo. 474; *Parker* v. *The Proprietors*, 3 Metc. 99; *Miller* v. *Myers*, 46 Cal. 538; *Carpentier* v. *Mendenhall*, 28 id. 487; *Carpentier* v. *Small*, 35 id. 356; Angell on Lim., §§ 434, 435; *Seaton* v. *Son*, 32 Cal. 481.)

*M. L. G. O'Brien* and *J. H. McKune*, for Respondent.

The possession of plaintiff and her grantors being adverse for the statutory period, she thereby acquired a new and complete title to the land in controversy against all the world. (*Simson* v. *Eckstein*, 22 Cal. 581; *Le Roy* v. *Rogers*, 30 id. 230; *Morris* v. *De Celis*, 51 id. 55.)

The title of Foote as tenant in common with plaintiff's grantors became also perfect by lapse of time, even if originally he had been tenant in common with Faris et al.

Ross, J.:

Plaintiff sued to quiet her alleged title to a portion of a ten-acre tract, number 15, situated in Sacramento County. Judgment was entered in her favor. One of the sources of title relied on by the plaintiff was based on adverse possession of the premises. She claimed under John Tansman. The latter received the deed under which he claimed from one Treichler, in February, 1865. At the time he did so, the premises were in the possession of one Ranke, who held as assignee of a lease thereof executed by Treichler to one Stultz. After Tansman's purchase, Ranke refused to recognize any title in him, and asserted that he, Ranke, was then holding as tenant of L. H. Foote. This denial by Ranke of Tansman's rights resulted in a suit of ejectment by Tansman against Ranke, to recover the possession of the property. That action, in turn, resulted in a judgment in favor of Tansman, and immediately afterwards, to wit, in the year 1871, Tansman and Foote settled their conflicting claims to the property, by agreeing that Tansman should have two thirds and Foote one third of it. From that time on, Tansman and Foote, and

their respective grantees, held possession of the premises through tenants, under claim of title—Tansman and his grantees claiming to own the undivided two thirds thereof, and Foote and his grantees claiming to own the remaining third; and they so shared the rents and profits. The defendants contend, that in an action commenced by them in 1868 against one Miller and others, it was determined that they (defendants) and Foote owned the property as tenants in common; and from that argue, that as Foote was their co-tenant, his possession was their possession. But it was after the entry of the judgment in that case that Foote and John Tansman took adverse possession of the premises, in the proportions already stated, and with their respective grantees, continued such adverse holding against the defendants for the statutory period.

Under such circumstances, the defendants can not avail themselves, in this action, of the possession of Foote.

Order affirmed.

MYRICK and McKINSTRY, JJ., concurred.